**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.3:09-cr-00284 |
| | ) | |
| SIXTO ARELLANO-GARCIA | ) | Judge Trauger |

**O R D E R**

The court is in receipt of a letter from defendant Sixto Arellano dated September 13, 2013. The Clerk is **DIRECTED** to file this letter as part of the record in this case. The Clerk is further **ORDERED** to furnish to the defendant and to counsel for all parties a copy of both the letter and this Order.

The Clerk is also **DIRECTED** to forward to Mr. Arellano a blank form § 2255 motion. However, the defendant is informed that the filing of a § 2255 motion would, in all likelihood, be futile. Judgment against the defendant was entered on May 17, 2011. He did not file an appeal, so the judgment against him became final fourteen days later, on May 31, 2011. Fed. R. App. P. 4(b). A motion under § 2255 generally must be filed no later than one year after the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Thus, a timely § 2255 motion in this case was due to be filed no later than May 31, 2012, *unless* the defendant can establish that some exception exempts him from this deadline,[1] or that the statute of limitations

---

[1] Section 2255(f) reads in full:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

should be equitably tolled. *Holland v. Florida*, 560 U.S. 631, ----, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is used "sparingly" and "only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland*, 130 S. Ct. at 2562). In short, unless the defendant can show that his situation falls into one of these unusual circumstances, it may be too late to file a § 2255 motion in his case.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).