IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SIXTO ARELLANO-GARCIA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civ. No. _____ |
| | ) | (Crim. Case No. 3:09-cr-0284) |
| UNITED STATES OF AMERICA, | ) | Judge Trauger |
| | ) | |
| Respondent. | ) | |

## ORDER

Sixto Arellano-Garcia sent a letter to his court dated September 13, 2013, asking for assistance in the filing of a § 2255 motion. The court directed that the letter be entered on the docket, and also directed the Clerk to forward to Mr. Arellano a form § 2255 petition. (*See* ECF Nos. 57, 58.) Mr. Arellano, proceeding *pro se*, rather than using the court-approved form, has now submitted a "Notice of Fraud," filed at Docket No. 60 in his criminal case, in which Mr. Arellano asserts that he was a victim of fraud and misrepresentation by his defense counsel and the United States government, and that he signed the plea agreement in his criminal action under duress and without a complete translation of the document into Spanish, his native language, and without his fully understanding of the legal import of the document. He appears to assert that the plea agreement is void and of no effect. The court construes the notice as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and further construes the motion to assert claims of ineffective assistance of counsel and prosecutorial misconduct.

The Clerk is **DIRECTED** to open a new civil file under which to docket Mr. Arellano's notice as a motion under § 2255. This order should be entered on the docket of the newly opened civil case.

The court has examined the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings and determined that it is readily apparent on the face of the motion that the movant is not entitled to relief. As noted in the court's prior order, judgment against the defendant was entered on May 17, 2011. No direct appeal was filed, so the judgment became final fourteen days later, on May 31, 2011. Fed. R. App. P. 4(b).

A motion under § 2255 generally must be filed no later than one year after the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Thus, a timely § 2255 motion in this case was due to be filed no later than May 31, 2012, unless Mr. Arellano can establish that some exception exempts him from this deadline, or that the statute of limitations should be equitably tolled. *Holland v. Florida*, 560 U.S. 631, ----, 130 S. Ct. 2549, 2560 (2010). In order to show equitable tolling should apply, the movant must establish both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland*, 130 S. Ct. at 2562).

The present motion was filed on December 18, 2013, more than 18 months past the filing deadline for a § 2255 motion. Mr. Arellano fails to establish an exception to the statute of limitations or any basis for equitable tolling. He does not allege the existence of a government-created impediment to filing, a newly recognized right, or newly discovered facts that could not have been earlier discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2)–(4). Nor does he show that he has been pursuing his rights diligently, or that some extraordinary circumstance prevented timely filing. The current motion is therefore **DENIED**.

The Clerk is **DIRECTED** to serve a copy of the motion and this order on the United States Attorney.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge